JS 44 (Rev. 12/12)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
ROBERT JONES

**DEFENDANTS**
NEW HANOVER TOWNSHIP

(b) County of Residence of First Listed Plaintiff   FLORIDA
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   MONTGOMERY CTY (PA)
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

(c) Attorneys *(Firm Name, Address, and Telephone Number)*
MARC E. WEINSTEIN   WEINSTEIN LAW FIRM, LLC  1210 NORTHBROOK DRIVE, SUITE 280  TREVOSE, PA 19053
215-953-5200   meweinstein@comcast.net

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1  U.S. Government Plaintiff
- ☐ 2  U.S. Government Defendant
- ☐ 3  Federal Question *(U.S. Government Not a Party)*
- ☒ 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☒ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 340 Marine | | | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **LABOR** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| ☒ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 862 Black Lung (923) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | ☐ 864 SSID Title XVI | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/Accommodations | ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity):*
28 USC sec 1332
Brief description of cause:
Mandamus action against Pennsylvania Township

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

**DEMAND $** _____

CHECK YES only if demanded in complaint:
**JURY DEMAND:**  ☐ Yes  ☒ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*  JUDGE _____  DOCKET NUMBER _____

DATE  01/21/2015
SIGNATURE OF ATTORNEY OF RECORD  /s/ (signed)

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: 430 Belair Avenue  Merritt Island, FL 32953

Address of Defendant: 2943 North Charlotte St.  Gilbertsville, PA 19525

Place of Accident, Incident or Transaction: Gilbertsville, PA (Montgomery County)
(*Use Reverse Side For Additional Space*)

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))    Yes☐   No X

Does this case involve multidistrict litigation possibilities?    Yes☐   No X

RELATED CASE, IF ANY:
Case Number: _____   Judge: _____   Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?    Yes☐   No X

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?    Yes☐   No X

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?    Yes☐   No X

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?    Yes☐   No X

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases*:
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases

B. *Diversity Jurisdiction Cases*:
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. X All other Diversity Cases
(Please specify) Mandamus action under PA law

## ARBITRATION CERTIFICATION
(*Check Appropriate Category*)

I, Marc E. Weinstein, counsel of record do hereby certify:

X Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

X Relief other than monetary damages is sought.

DATE: January 21, 2015    Marc E. Weinstein    79474
Attorney-at-Law    Attorney I.D.#

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: January 21, 2015    Marc E. Weinstein    79474

CIV. 609 (5/2012)

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| ROBERT JONES | : | CIVIL ACTION |
| v. | : | |
| NEW HANOVER TOWNSHIP | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.      ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.      ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.      ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.      ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)      ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.      (XXXX )

January 21, 2015        Marc E. Weinstein        /s/ Plaintiff
_____        _____        _____
**Date**        **Attorney-at-law**        **Attorney for**

215-953-5200        215-953-5214        meweinstein@comcast.net
_____        _____        _____
**Telephone**        **FAX Number**        **E-Mail Address**

(Civ. 660) 10/02

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **ROBERT JONES** <br> 430 Belair Avenue <br> Merritt Island, FL 32953 <br><br> Plaintiff, <br><br> v. <br><br> **NEW HANOVER TOWNSHIP** <br> 2943 North Charlotte St. <br> Gilbertsville, PA 19525 <br><br> Defendant. | : CIVIL ACTION <br> : <br> : No. _____ <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : |

## CIVIL ACTION COMPLAINT

Plaintiff Robert Jones brings this case in mandamus against his former employer, Defendant New Hanover Township:

### I.  Introduction

Plaintiff served as a police officer and corporal for Defendant. He did so with distinction for approximately thirteen (13) years. After suffering a torn rotator cuff and labrum in January 2014 while on the job, Plaintiff and Defendant agreed to conclude their employment relationship in or about July 2014. Since then, Defendant - shamefully - refuses to provide Plaintiff with his disability pension that he earned and with which he is vested. And so the instant case, arising under Pennsylvania law and initiated in federal court by virtue of this Court's diversity jurisdiction.

## II. Jurisdiction and Venue

2. The instant action is initiated pursuant to the laws of the Commonwealth of Pennsylvania. The United States District Court for the Eastern District of Pennsylvania may properly maintain personal jurisdiction over Defendant because Defendant's contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendant to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the United States Supreme Court in Int'l Shoe Co. v. Washington, 326 U.S. 310 (1945) and its progeny.

3. The United States District Court for the Eastern District of Pennsylvania may properly maintain original subject matter jurisdiction over the instant action pursuant to 28 U.S.C. § 1332 as the matter in controversy exceeds the sum or value of $75,000, exclusive of interest or costs and the parties are citizens of different States.

4. Venue is properly laid in the Eastern District of Pennsylvania pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

## III. Parties

5. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

6. Plaintiff is an adult individual and citizen of the State of Florida. He was formerly a full-time law enforcement officer with Defendant.

7. Defendant is a township in Montgomery County, PA. It is classified as a second-class

township under Pennsylvania law.

IV.     **Facts Upon Which Plaintiff Relies for the Relief Sought**[1]

8.      Plaintiff was hired by Defendant as a police officer beginning in or about February 2001. He was later promoted to corporal.

9.      Pursuant to Act 600[2], Defendant has established a New Hanover Township Police Pension Plan ("the Plan"). See Ordinance No. 06-05 (attached hereto as Ex. 1).

10.     Plaintiff is a vested member of the Plan.

11.     Plaintiff is eligible for a monthly disability pension benefit under Section 7 of the Plan, "Service-Related Total and Permanent Disability" because he sustained a shoulder injury in the course of duty which precludes him from being a police officer again. The injury occurred in or about January 2014. Plaintiff suffered a torn labrum and rotator cuff while carrying a drug overdose patient.

V.      **The Act or Duty the Defendant Is Required To Perform and the Refusal to Perform It**

12.     Since the time Plaintiff's employment concluded, Plaintiff has made regular and repeated efforts to apply for and secure his monthly disability pension benefit, per Section 7 of the Plan.

---

[1] The Commonwealth Court of Pennsylvania has explained that mandamus is an action at law, and particular facts must be pleaded. See Burns v. Board of Dirs., 748 A.2d 1263 (Pa. Cmwlth. 2000).

[2] See 53 P.S. §§ 767 -778, the Police Pension Act (Act of May 29, 1956, P.L. (1955) 1804, as amended). This law is commonly known as "Act 600".

3

13. Defendant, however, refuses provide the necessary information and/or papers for Plaintiff to apply for his disability pension, and/or otherwise explain what information is needed and why. Plaintiff's requests for Plan documents such as plan descriptions and annual statements have been ignored.

14. Despite repeated requests, Defendant continues to refuse to cooperate with Plaintiff's application for his monthly disability pension benefit, and continues to deny paying Plaintiff said benefit.[3]

## VI. Interest of Plaintiff in the Result

15. Plaintiff has an obvious and direct interest in his right to apply for and receive his monthly disability pension benefit.

## VII. Damages and the Want of Any Other Adequate Remedy at Law

16. Each month Plaintiff, per Section 7 of the Plan, is being denied 50% of his approximate $7,000 final monthly salary.

17. Plaintiff has no other adequate remedy at law to compel Defendant to process and approve his monthly disability pension benefit.

---

[3] The Auditor General of Pennsylvania, in an August 2013 compliance audit, determined that Defendant had failed to properly fund the Plan in 2011 and 2012. See Compliance Audit Report (http://www.auditorgen.state.pa.us/Media/Default/Reports/munNewHanoverTwpPPP080813.pdf) (last visited 1/20/15). This finding only fortifies Plaintiff's concerns that Defendant is intentionally delaying and withholding the monthly pension benefit to which he is entitled.

4

**WHEREFORE**, Plaintiff respectfully prays that this Honorable Court order Defendant to provide Plaintiff with his monthly disability pension benefit, retroactively from the date of his separation from employment, along with costs and other appropriate, authorized relief.

                              WEINSTEIN LAW FIRM, LLC

By: _____
Marc E. Weinstein, Esquire
One Northbrook Corporate Center
1210 Northbrook Drive, Suite 280
Trevose, PA 19053
215.953.5200
meweinstein@comcast.net
Counsel to Plaintiff

Dated: January 21, 2015

5